IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:04-CR-00063-F-1
No. 7:12-CV-00231-F

| | |
|---|---|
| JOHN LEWIS DILLAHUNT, JR.,<br>Petitioner, | )<br>)<br>) |
| v. | )    <u>O R D E R</u> |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>)<br>) |

This matter is before the court on John Lewis Dillahunt, Jr.'s Motion to Reconsider [DE-38]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons more fully stated below, Dillahunt's Motion to Reconsider is ALLOWED.

**I. Factual and Procedural Background**

On May 13, 2004, Dillahunt was charged in a three-count indictment. *See* Indictment [DE-1]. In Count One, Dillahunt was charged with possession with the intent to distribute more than five grams of cocaine base (crack), cocaine powder, and marijuana, in violation of 21 U.S.C. § 841(a)(1). Count Two charged Dillahunt with using or carrying a firearm during and in relation to a drug trafficking crime, and possession in furtherance of that crime, in violation of 18 U.S.C. § 924(c)(1)(A). In Count Three, Dillahunt was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924.

At Dillahunt's arraignment, held on November 8, 2004, he pled guilty to Counts One through Three without a written plea agreement. Dillahunt's sentencing hearing was held on February 22, 2005. Dillahunt was sentenced to 200 months on Count One; 60 months on Count Two, to run consecutive to Count One; and 120 months on Count Three, to run concurrently with

Counts One and Two. *See* Judgment [DE-14].

On August 14, 2012, Dillahunt filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-27]. The Government filed a Motion to Dismiss [DE-30]. The matter was referred to United States Magistrate Judge Robert B. Jones, Jr. On April 21, 2015, Judge Jones filed a Memorandum and Recommendation ("M&R"), in which he recommended that the Government's Motion to Dismiss be allowed and Dillahunt's Motion to Vacate be denied. No objections were filed within the time period allotted for objections.

This court adopted the M&R on May 12, 2015. On June 22, 2015, Dillahunt filed a Motion to Reopen [DE-36]. In his motion, Dillahunt asserted that his Motion to Vacate was addressed by the Magistrate Judge in a M&R and this court entered an adoption order without him receiving service of either filing. Mot. Reopen [DE-36] at 1. Dillahunt requested that this court allow him to file objections to the Magistrate Judge's M&R or reopen the time for him to file a notice of appeal. *Id.* at 2.

Dillahunt was advised that the reason he did not receive service of the Magistrate Judge's M&R or the court's adoption order was because his attorney, Devon Donahue with the Federal Public Defender's Office, received service. The Clerk was directed to serve Dillahunt with a copy of Judge Jones's April 21, 2015 M&R and the court's adoption order. Dillahunt was directed to file his objections to the Magistrate Judge's M&R and this court's adoption order in the form of a motion for reconsideration.

On December 23, 2015, Dillahunt filed his Motion to Reconsider [DE-38]. The Government responded by filing a Response to Motion to Reconsider [DE-46].

2

## II. Legal Standard

Rule 59(e) of the Federal Rules of Civil Procedure permits a court to alter or amend a judgment. Fed. R. Civ. P. 59(e). Although the rule itself does not set forth any guidelines as to when such a motion should be allowed, the Fourth Circuit has recognized three grounds for amending a judgment pursuant to Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." *Sloas v. CSX Transp., Inc.,* 616 F.3d 380, 385 n.2 (4th Cir. 2010) (alteration added & citation omitted). "It is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.,* 674 F.3d 369, 378 (4th Cir. 2012). A "district court has considerable discretion in deciding whether to modify or amend a judgment." *Gagliano v. Reliance Standard Life Ins. Co.,* 547 F.3d 230, 241 n.8 (4th Cir. 2008).

## II. Discussion

On December 23, 2015, Dillahunt filed his Motion to Reconsider [DE-38]. In his motion, Dillahunt argues that, in light of *United States v. Simmons,* 649 F.3d 237 (4th Cir. 2011) (en banc), he is innocent of Count Three, the felon in possession of a firearm conviction.

In *Simmons,* the Fourth Circuit Court of Appeals held en banc that a court must look to the maximum punishment that the particular offender could have received in determining whether a prior North Carolina conviction may serve as a predicate felony for federal sentencing purposes. *Simmons,* 649 F.3d at 243-46. In reaching its holding in *Simmons,* the Fourth Circuit expressly overruled *United States v. Harp,* 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year

3

[under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worse possible criminal history." *Id.* at 241 (quoting *Harp*, 406 F.3d at 246) (emphasis omitted). *Simmons* has been applied retroactively on collateral review. *Miller v. United States*, 735 F.3d 141, 144-147 (4th Cir. 2013).

The Government concedes that at the time Dillahunt possessed the firearms at issue in this matter, he had not been convicted of an offense punishable by more than a year of imprisonment under *Simmons*.[1] Gov't's Resp. [DE-46] at 3. Moreover, Dillahunt was found guilty of several North Carolina drug offenses, but these prior convictions were not punishable by a prison term exceeding one year in light of *Simmons*. *Id.* The Government argues that Dillahunt's conviction on Count Three does not affect his sentence, so a formal resentencing hearing is not necessary. *Id.*

The court disagrees with the Government's assessment. Dillahunt was sentenced as a career offender.[2] Given that Dillahunt no longer possesses a predicate felony to support a felon in possession of a firearm conviction, he also no longer possesses the requisite predicate felonies to

---

[1] The Government waives the statute of limitations or other procedural defense as it relates to Dillahunt's challenge to Count Three based on *Simmons*.

[2] A defendant qualifies as a career offender if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
> (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
> (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

support the career offender enhancement. As such, Dillahunt must be formally resentenced.

## III. Conclusion

In light of the foregoing, including the Government's concessions, Dillahunt's Motion to Reconsider [DE-38] is ALLOWED. Dillahunt's February 22, 2005 Judgment [DE-14] of conviction and sentence hereby is VACATED, and he is to be promptly resentenced.

SO ORDERED.

This, the _16_ day of May, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge